UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVOOD KHADEMI, | No. 2:23-cv-0281 AC P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| INS IMMIGRATION AND NATURALIZATION, | |
| Defendant. | |

Plaintiff, a county jail inmate proceeding pro se, has filed a civil complaint and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. ECF Nos. 1, 2. Plaintiff has also requested permission to file his pleadings electronically. ECF No. 4. For the reasons stated below, plaintiff's motion to file documents electronically will be denied. In addition, the undersigned will recommend that plaintiff's motion to proceed in forma pauperis be denied and that plaintiff, a three strikes litigant, be ordered to pay the filing fee in full prior to proceeding any further with this action.

I.  THREE STRIKES RULE:  28 U.S.C. § 1915(g)

28 U.S.C. § 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any

1

> facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"It is well-settled that, in determining a [Section] 1915(g) 'strike,' the reviewing court looks to the dismissing court's action and the reasons underlying it." Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013) (citation omitted). "[Section] 1915(g) should be used to deny a prisoner's in forma pauperis status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2006) (brackets added). "[W]hen a district court disposes of an in forma pauperis complaint 'on the grounds that [the claim] is frivolous, malicious, or fails to state a claim upon which relief may be granted,' such a complaint is 'dismissed' for purposes of § 1915(g) even if the district court styles such dismissal as denial of the prisoner's application to file the action without prepayment of the full filing fee." O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008) (second alteration in original). Dismissal also counts as a strike under § 1915(g) "when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint" regardless of whether the case was dismissed with or without prejudice. Harris v. Mangum, 863 F.3d 1133, 1142-43 (9th Cir. 2017).

An inmate who has accrued three strikes is precluded from proceeding in forma pauperis unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To satisfy the exception, plaintiff must have alleged facts that demonstrate that he was "under imminent danger of serious physical injury" at the time of filing the complaint. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g)."); see also Abdul-Akbar v. McKelvie, 239 F.3d 307, 312-14 (3rd Cir. 2001); Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998); Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998). "[T]he imminent danger

exception to the PLRA three-strikes provision requires a nexus between the alleged imminent danger and the violations of law alleged in the complaint." Ray v. Lara, 31 F.4th 692, 695 (9th Cir. 2022).

## II. PLAINTIFF'S PRIOR STRIKES

A review of court records reveals that at least three cases brought by plaintiff qualify as strikes under Section 1915(g).  The court takes judicial notice of the following lawsuits[1] previously filed by plaintiff and disposed of prior to plaintiff filing the instant complaint in February, 2023.

- Khademi v. Vanderwende, No. 2:18-cv-2798 TLN AC (E.D. Cal. Sept. 17, 2019) (dismissed for failure to state a claim);
- Khademi v. Superior Court of the State of California for the County of Placer, No. 2:19-cv-1494 KJM DMC (E.D. Cal. Oct. 16, 2020) (dismissed for failure to state a claim); and
- Khademi v. Jimmanz, No. 1:21-cv-1394 DAD SAB (E.D. Cal. Apr. 1, 2022) (dismissed for failure to state a claim, failure to comply with court order, and failure to prosecute).

Each of these cases was dismissed before the instant action was filed on February 9, 2023, and none of the strikes have been overturned.   Therefore, the undersigned finds that plaintiff is precluded from proceeding in forma pauperis unless he was "under imminent danger of serious physical injury" at the time he filed the complaint.  See 28 U.S.C. § 1915(g).

## III. IMMINENT DANGER

A review of the complaint reflects that plaintiff made no claim that he was under imminent danger of serious physical harm or injury at the time of filing.  See generally ECF No. 1. The complaint brings putative claims against immigration authorities regarding the denial of a

---

[1] The court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (citation and internal quotation marks omitted) (collecting cases); Fed. R. Evid. 201(b)(2) (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

green card and related immigration status matters, id. at 2-3, 12, and includes allegations of constitutional violations related to a plea bargain in state court, id. at 10.  Because the complaint is not based on circumstances posing an imminent threat to plaintiff's health or safety, he does not satisfy the exception to the Section 1915(g) bar and must pay the filing fee in full prior to proceeding any further with this action.  It will be recommended that he be ordered to do so.

### IV.  MOTION TO FILE ELECTRONICALLY

Plaintiff's motion to file documents electronically in this case (ECF No. 4) must also be denied.  Parties appearing pro se may not file electronically unless they have permission from the court to do so.  See Fed. R. Civ. P. 5(d)(3)(b)(i); Local Rule 133(b)(2); Local Rule 183(c).  Because plaintiff is a three strikes litigant, he must pay the filing fee in full prior to being permitted to proceed any further with this action.  Therefore, his request to file electronically is premature.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court shall randomly assign a District Judge to this matter; and

2. Plaintiff's motion to file documents electronically in this case (ECF No. 4) is DENIED without prejudice.

IT IS FURTHER RECOMMENDED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be DENIED; and

2. Plaintiff be ordered to pay the filing fee in full prior to proceeding any further with this action.  See 28 U.S.C. § 1915(g).

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified

////

////

////

time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 25, 2023

                                                                                              ALLISON CLAIRE
                                                                                              UNITED STATES MAGISTRATE JUDGE